UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH MCGEE-HOLDEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 2:21–cv–1817–KJN<br><br>ORDER GRANTING IFP AND DIRECTING E-SERVICE<br><br>(ECF No. 2) |

　　　　Presently pending before the court is plaintiff's motion for leave to proceed in forma pauperis. See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).[1] (ECF No. 2.) Plaintiff, proceeding without assistance of counsel in this action, submitted the required affidavit, which demonstrates an inability to prepay fees and costs or give security for them.

　　　　Further, under Section 1915, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Federal courts also have an independent duty to ensure it has subject matter jurisdiction over the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions involving review of Social Security decisions are referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. L.R. 302(c)(15).

Here, plaintiff's complaint states that she filed "several appeals" to the Social Security Administration, but "SSA did not take consideration of my pain . . . [and] proof of my records show that is a fact." (ECF No. 1.) However, she also mentions unspecified constitutional rights, that "no one heard [her] case or even examined [her] evidence," and that her records and history "in this case were not mentioned . . . [or] examined in court." Under 42 U.S.C. § 405(g), a district court has jurisdiction to review a final decision of the Commissioner. Construing plaintiff's complaint liberally, it appears she has received a final decision, and so would be eligible to petition the court for review.[2] Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. The Clerk of Court is directed to issue a summons for this case;

3. In keeping with the court's new e-service procedure for Social Security cases,[3] service on the defendant Commissioner of Social Security Administration shall proceed under the court's E-Service program as follows. Once a summons is issued, the Clerk of Court shall deliver to the Commissioner of Social Security Administration and the United States Attorney's Office at their designated email addresses a notice of electronic filing of the action along with the summons and complaint. The Commissioner has agreed not to raise a defense of insufficient service of process if provided with notice of a complaint as detailed in this order. This order is not intended to prevent parties from making any other motions that are appropriate under the Federal Rules of Civil Procedure; and

///

///

///

---

[2] If at any point it becomes evident plaintiff has not received a final decision from the Commissioner, her case would be subject to dismissal without prejudice for lack of subject matter jurisdiction. A final decision from the Commissioner typically involves a rejection of her claim after a hearing and written decision by an Administrative Law Judge, as well as an appeal to the Social Security Appeals Council.

[3] http://www.caed.uscourts.gov/caednew/index.cfm/news/new-social-security-case-procedures-effective-after-june-15-2021/

4. The parties are hereby notified that, <u>after e-service of the complaint, this action will be STAYED pursuant to General Order Number 615</u>, and there will be no scheduling order or deadlines in effect pending further order of the court. <u>See</u> E.D. Cal. G.O. No. 615, Paragraphs 6, 10.

Dated:  October 6, 2021

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mcge.1817