UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH MCGEE-HOLDEN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No.  2:21-cv-1817-KJN (PS)<br><br><u>ORDER</u><br><br>(ECF Nos. 12, 17.) |

Plaintiff, proceeding without counsel, seeks judicial review of a final decision by the Commissioner of Social Security denying her application for Disability Insurance Benefits.[1] Liberally construing plaintiff's summary judgment motion, it appears that plaintiff contends the Administrative Law Judge erred in: (A) resolving her pain testimony; and (B) considering her worsening condition regarding her back, legs, and spine.  The Commissioner opposed in its cross-motion for summary judgment and seeks affirmance.

For the reasons that follow, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion, and AFFIRMS the final decision of the Commissioner.

///

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties consented to proceed before a Magistrate Judge for all purposes.  (ECF Nos. 6, 15, 16.)

1

I.     **RELEVANT LAW**

The Social Security Act provides for benefits for qualifying individuals unable to "engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a). An Administrative Law Judge ("ALJ") is to follow a five-step sequence when evaluating an applicant's eligibility, summarized as follows:

> **Step one**: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> **Step two**: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> **Step three**: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> **Step four**: Is the claimant capable of performing past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
> **Step five**: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995); see also 20 C.F.R. §§ 404.1520(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. Ford v. Saul, 950 F.3d 1141, 1148 (9th Cir. 2020).

A district court may reverse the agency's decision only if the ALJ's decision "contains legal error or is not supported by substantial evidence." Id. at 1154. Substantial evidence is more than a mere scintilla, but less than a preponderance, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The court reviews the record as a whole, including evidence that both supports and detracts from the ALJ's conclusion. Luther v. Berryhill, 891 F.3d 872, 875 (9th Cir. 2018). However, the court may review only the reasons provided by the ALJ in the decision and may not affirm on a ground upon which the ALJ did not rely. Id. "[T]he ALJ must provide sufficient reasoning that allows [the court] to perform [a] review." Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020).

The ALJ "is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Ford, 950 F.3d at 1154. Where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion "must be upheld." Id. Further, the court may not reverse the ALJ's decision on account of harmless error. Id.

## II. BACKGROUND AND ALJ'S FIVE–STEP ANALYSIS

In August of 2018, plaintiff applied for Disability Insurance Benefits and Supplemental Security Income, alleging an onset date of April 15, 2009. (Administrative Transcript ("AT") 177-80; 77.) Plaintiff claimed disability due to "back problems, nerve problems, spine, left knee, and back disc." (See AT 87.) Plaintiff's applications were denied initially and upon reconsideration, and she sought review with an ALJ. (AT 86; 96; 108-13.) At a November 14, 2019 hearing, plaintiff testified about her conditions, and a vocational expert ("VE") testified regarding the ability of those with certain impairments to perform various jobs. (AT 45-76.) At the start of the hearing, the ALJ reviewed with plaintiff her right to legal representation, but plaintiff refused, stating she believed she could represent herself. (AT 48.) The ALJ reviewed with plaintiff the evidence submitted, and admitted relevant records without objection. (AT 49.) The ALJ also confirmed Kaiser Health was plaintiff's only treating source, as reflected in the medical records from April 2008 through May of 2019. (AT 65, AT 272-1148.) After the hearing, the ALJ obtained updated records through November of 2019. (See AT 1149-223.)

On April 17, 2020, the ALJ issued a decision determining plaintiff was not disabled. (AT 32-41.) As an initial matter, the ALJ determined plaintiff met insured status through June 30, 2016. (AT 34.) At step one, the ALJ concluded plaintiff had not engaged in substantial gainful activity from April 15, 2009, through her date last insured. (Id.) At step two, the ALJ determined plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, obesity, and hypertension. (AT 35.) At step three, the ALJ determined plaintiff's impairments did not meet or medically equal the severity of an impairment listed in Appendix 1. (AT 37, citing 20 C.F.R. Part 404, Subpart P, Appendix 1).

The ALJ then found plaintiff had the residual functional capacity ("RFC") to perform light work, except she "cannot climb ladders, ropes, and scaffolds but can perform other postural maneuvers (such as stooping, crouching, and crawling) on an occasional basis." (AT 37.) In crafting this RFC, the ALJ stated she considered plaintiff's symptom reports alongside the medical evidence and opinions of the medical sources. (AT 37.) Relevant here, the ALJ noted plaintiff's testimony that due to her back problems, plaintiff stated she could not lift more than 10

1  lbs., nor could she stand, walk, sit, drive a car, or perform household chores for more than 30
2  minutes without taking a break.  (AT 38.)  The ALJ found that while the record reflected "a long
3  history of back pain since the early 1990's," exacerbated by an injury in 2009, plaintiff's
4  allegations were not fully supported by the record.  (Id.)  The ALJ noted plaintiff reported around
5  the time of the injury she was considering a career change and that her pain had improved, as well
6  as that plaintiff "maintain[ed] a busy schedule with her day care and [was] on her feet, walk[ed]
7  the dog, [went] to church, [took] care of an aunt who moved in with her, and [drove] eight hours
8  back home from San Diego."  (Id.)  The ALJ also noted plaintiff's symptoms were treated
9  conservatively with pain medication, cortisone injections, and physical therapy, and the record
10 showed unremarkable symptoms.  (Id.)  As to plaintiff's legs, the ALJ considered the effect of
11 plaintiff's obesity on her ability to ambulate.  (AT 39.)  The ALJ concluded plaintiff was capable
12 of performing past relevant work as a claims clerk II and was therefore not disabled.  (AT 40-41.)
13         Plaintiff appealed to the Appeals Council, and submitted additional evidence alongside
14 her appeal.  (See AT 6-31.)  The Council denied plaintiff's appeal, and did not exhibit the new
15 evidence because it was dated after the date of the ALJ's decision.  (AT 1-5.)  Plaintiff then filed
16 this action requesting judicial review of the Commissioner's final decision; the parties filed cross-
17 motions for summary judgment.  (ECF Nos. 1, 12, 17, 20.)  Alongside her reply brief, plaintiff
18 submitted additional medical records totaling over 2500 pages ranging from January of 2017
19 through the present.  (See Exhibits at ECF No. 20.)
20 **III.    ISSUES PRESENTED**
21         Liberally construing plaintiff's summary judgment motion, it appears that plaintiff
22 contends the Administrative Law Judge erred in failing to consider:  (A) the extent of her pain, as
23 per her testimony; and (B) her medical condition regarding her legs, back, and spine.  (ECF Nos.
24 12, 20.)
25         The Commissioner disagrees, arguing plaintiff fails to allege any error in the ALJ's
26 decision, and that the ALJ otherwise properly concluded plaintiff was not disabled and the
27 decision is supported by substantial evidence.  Thus, the Commissioner contends the decision as a
28 whole is supported by substantial evidence and should result in affirmance.  (ECF No. 17.)

## IV. DISCUSSION

First, the court takes up plaintiff's submission of additional records alongside her reply brief. (ECF No. 20.) Plaintiff submitted to the court a disc with over 2500 pages of medical records, which the court appended to the docket. However, the court cannot consider the substance of these documents, as it is bound by the record before the agency in the time leading up to the ALJ's decision. See 42 U.S.C. § 405(g) (stating that upon a request for the court to review a plaintiff's social security case, the court may enter a judgment based on "the pleadings and transcript of the [certified] record"); Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). Further, nothing in the record indicates the ALJ's heightened duty to supplement was triggered beyond what she obtained from Kaiser Health in November of 2019. See McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011) (finding a duty to supplement triggered where there is ambiguous evidence or the record is inadequate to allow for proper evaluation of the evidence). Plaintiff confirmed at the hearing that her only health care provider was Kaiser (AT 65) and made no objections to the evidence submitted (AT 49). Plaintiff also explicitly asserted she wished to represent herself (AT 49), and the record shows she was informed of her right to counsel. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (setting forth principles that ALJs in Social Security proceedings have a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered"). Thus, to the extent there are records in plaintiff's reply exhibits beyond what the ALJ considered, the court cannot consider them. This includes any health records after the date of the ALJ's decision, as these would apply to a new disability period. (See AT 4, noting records from 2021 were not considered as they were not relevant to the disability period at issue).

Second, as to the Commissioner's argument that plaintiff failed to allege any error on the ALJ's part, the court concurs that plaintiff's briefing is lacking. See Carmickle v. Comm'r, 533 F.3d 1155, 1161 (9th Cir. 2008) (declining to address an issue because of plaintiff's failure to argue the point "with any specificity in his briefing"). However, given plaintiff's unrepresented status, and given plaintiff raises issues with the ALJ's treatment of her pain testimony and the evidence concerning her back, legs, and spine, the court will review these issues for error.

**A. The ALJ appropriately rejected the severe aspects of plaintiff's symptom testimony.**

**Legal Standards**

A claimant's statements of subjective symptoms alone are insufficient grounds to establish disability. 20 C.F.R § 404.1529(a). If an ALJ was required to believe every allegation of pain or impairment, disability benefits would run afoul of the Social Security Act and its purpose. See Treichler, 775 F.3d at 1106. In evaluating the extent to which an ALJ must credit the claimant's report of their symptoms, the Ninth Circuit has stated:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof.
> If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.

Revels v. Berryhill, 874 F.3d 648, 655 (9th Cir. 2017) (quoting Garrison, 759 F.3d at 1014-15).

The ALJ's reasons for discounting or rejecting a claimant's subjective symptom testimony must be "sufficiently specific to allow a reviewing court to conclude the adjudicator . . . did not arbitrarily discredit a claimant's testimony." Brown-Hunter v. Colvin, 806 F.3d 487, 483 (9th Cir. 2015) (quoting Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991)). Examples of "specific, clear and convincing reasons" for discounting or rejecting a claimant's subjective symptom testimony include: the effectiveness of or noncompliance with a prescribed regime of medical treatment, prescription of conservative treatment, inconsistencies between a claimant's testimony and conduct (including daily activities), and whether the alleged symptoms are consistent with the medical evidence of record. See Tommasetti, 533 F.3d at 1040; Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007). A lack of corroborating, objective medical evidence alone is insufficient grounds for an ALJ to discount a claimant's subjective symptoms; however, it is a factor the ALJ may consider. See Rollins, 261 F.3d at 857 (citing 20 C.F.R § 404.1529(c)(2)).

**Analysis**

Plaintiff testified that due to her back problems, plaintiff stated she could not lift more than 10 lbs., nor could she stand, walk, sit, drive a car, or perform household chores for more than 30 minutes without taking a break. (AT 38.)  The ALJ found that while the record reflected "a long history of back pain since the early 1990s," exacerbated by an injury in 2009, plaintiff's allegations were not fully supported by the record. (Id.)  The ALJ noted plaintiff reported around the time of the injury she was considering a career change and that her pain had improved, as well as that plaintiff "maintain[ed] a busy schedule with her day care and [was] on her feet, walk[ed] the dog, [went] to church, [took] care of an aunt who moved in with her, and [drove] eight hours back home from San Diego." (Id.)  The ALJ also noted plaintiff's symptoms were treated conservatively with pain medication, cortisone injections, and physical therapy, and the record showed unremarkable symptoms. (Id.)  Aside from these conclusions, the decision demonstrates the ALJ carefully reviewed plaintiff's medical records submitted prior to and just after the hearing. (Id.)  The ALJ also considered—and rejected—the more limiting aspects of the two doctors who stated opinions at the initial and reconsideration stages. (AT 40.)

The court finds the ALJ's resolution of plaintiff's testimony more than sufficient.  Taken together, the court reads the ALJ's decision as one discounting the more severe aspects of plaintiff's symptom testimony due to conflicting evidence in the medical record, the use of conservative treatment, the fact that these impairments could be controlled with medication, and inconsistencies with plaintiff's daily activities.  These are legally sufficient reasons for the ALJ's decision on plaintiff's symptom testimony.  See Rollins, 261 F.3d 857 (finding that medical evidence can be considered if paired with other reasons); Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("We have previously indicated that evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment"); Warre v. Comm'r, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling").  Further, given the analysis, the court is satisfied the ALJ "did not arbitrarily discredit a claimant's testimony." Brown-Hunter, 806 F.3d at 483.  Thus, the court rejects any point of error concerning the ALJ's resolution of plaintiff's subjective symptom testimony.

**B. The court finds no error in the ALJ's formulation of the RFC.**

Plaintiff's second point of error, to the extent it is properly developed, appears to challenge the ALJ's analysis of the medical evidence concerning her back, legs, and spine. (See ECF Nos. 12 and 20). The undersigned construes this argument as one challenging the ALJ's formulation of plaintiff's residual functional capacity ("RFC").

The regulations define the RFC as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a). In determining plaintiff's RFC, an ALJ is to consider the objective medical evidence and other evidence. See Id. at sub. (b)-(d) (concerning the assessment of physical, mental, and other abilities); see also 20 C.F.R. § 404.1529 (governing how symptoms are to be evaluated). The ALJ is responsible for assessing the RFC at the hearing stage. 20 C.F.R. § 404.1546(c). An ALJ may synthesize and translate assessed limitations into an RFC assessment without repeating each functional limitation verbatim in the RFC assessment. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173-74 (9th Cir. 2008).

Reading the decision as a whole, the court reads it as one where the ALJ relied on the medical evidence in the record and portions of plaintiff's symptom testimony in formulating the RFC. (See AT 35-40.) For plaintiff's knee pain, the ALJ noted the diagnosis in June 2010, but also noted the x-ray revealed unremarkable results. (AT 35.) The ALJ also noted how the record indicated her knee pain during the period at issue was well managed with medications, including ibuprofen. (Id.) As to her back pain, the ALJ noted the lengthy medical record and 2009 injury from a treadmill. (AT 38.) The ALJ then summarized her treatment following the 2009 injury, explicitly noting unremarkable exams regarding her spine and legs. (Id.) Plaintiff also reported to her health care practitioners she could stand and walk and was considering a career change shortly after the injury. (Id.) Finally, the ALJ took note of the medication management, physical therapy, and few injections in 2009, as well as plaintiff's reports that her back condition had improved from 2010-2016. (Id.) With each limitation, the ALJ provided citation to the record from plaintiff's longitudinal medical records, which constitutes substantial evidence. Ford, 950 F.3d at 1154 (reminding that the ALJ is responsible for resolving ambiguities, and setting the standard as "evidence as a reasonable mind might accept as adequate to support a conclusion.").

Further, the ALJ considered plaintiff's symptom testimony and found her assertions of her impairments "could reasonably be expected to cause the alleged symptoms." In fact, the ALJ discounted the two PAMF opinions—that plaintiff could perform a range of medium work—because of plaintiff's testimony and the other evidence. (AT 40.) However, as discussed above, the ALJ noted the extent of plaintiff's symptom testimony was unsupported, and so found her limitations to range in the light work area with some postural limits. (AT 37.)

The ALJ accounted for all of plaintiff's conditions and recognized relevant medical records in resolving her alleged physical limitations. Stubbs-Danielson, 539 F.3d at 1173-74; see also Ford, 950 F.3d 1141, 1148 (9th Cir. 2020) (reminding that the burden of proof rests with the claimant through step four). The undersigned sees no error in the ALJ's analysis. To the extent plaintiff contends she is further limited based on more recent evidence after the decision, she may pursue another claim for the recent period.

## V.  CONCLUSION

Beyond plaintiff's challenges, the court finds that the ALJ's decision otherwise supported by substantial evidence in the record as a whole and free from legal error. Ford, 950 F.3d at 1148 (noting that a district court may reverse only if the ALJ's decision "contains legal error or is not supported by substantial evidence"). Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is DENIED;
2. The Commissioner's cross-motion (ECF No. 17) is GRANTED;
3. The final decision of the Commissioner is AFFIRMED; and
4. The Clerk of Court is directed to CLOSE this case.

Dated: November 7, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mcge.1817